UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                          Case No. 17-48207

PATRICK JOSEPH MUNROE, and                                      Chapter 13
VICKI LYNN MUNROE,
                                                                Judge Thomas J. Tucker
        Debtors.
_____/

**OPINION AND ORDER DISMISSING CASE**

The Debtors in this Chapter 13 case, which was filed on May 31, 2017, are also the Debtors in a pending Chapter 7 bankruptcy case that they filed in 2015. Under the circumstances, and for the following reasons, the Court concludes that this Chapter 13 case must be dismissed.

On May 29, 2015, the Debtors filed a joint voluntary petition for relief under Chapter 7, commencing Case No. 15-48346. Although the Debtors received a discharge in that case on September 9, 2015, that Chapter 7 case is still pending. The Chapter 7 Trustee has not abandoned any property of the bankruptcy estate, and continues to administer property of the estate, in the pending Chapter 7 case. Under 11 U.S.C. § 362(a)(3), the automatic stay in the pending Chapter 7 case continues in effect, precluding all parties other than the Chapter 7 Trustee, including the Debtors, from taking any action against the property of the Chapter 7 bankruptcy estate.

The only exceptions to the automatic stay just mentioned are that two secured creditors filed motions for relief from stay, and were granted relief from stay, to permit each creditor to enforce its security interest and realize on its collateral.[1] One such creditor is the creditor with a mortgage on the Debtors' home, Deutsche Bank National Trust Company, as Trustee for NovaStar Mortgage Funding Trust Series 2007-1 NovaStar Home Equity Loan Asset-Backed Certificates, Series 2007-1. That creditor obtained an order granting relief from stay on February 8, 2017, permitting it to seek to foreclose on its mortgage under state law, on the Debtors' "property located at 52224 Covington Ln, New Baltimore, MI 48047-4289."[2]

Despite these two stay-relief orders, neither the property subject to the orders, nor any other property, has been abandoned, and such property remains property of the bankruptcy estate

---

[1] One of these creditors was Santander Consumer USA Inc., which obtained a stay-relief order with respect to its security interest in the Debtors' 2010 Ford Flex vehicle. (*See* Order, filed October 12, 2016 at Docket # 28 in Case No. 15-48346).

[2] Order, filed February 8, 2017 (Docket # 35 in Case No. 15-48346).

in the Debtors' Chapter 7 case. From the most recent annual report filed by the Chapter 7 Trustee on January 27, 2017 (Docket # 33 in Case No. 15-48346), it appears that the Chapter 7 Trustee is waiting to see what the sale price turns out to be at the upcoming foreclosure sale of the Debtors' Covington Lane property. The Trustee apparently is waiting to see whether the sale price is low enough that the Trustee may be able to market and sell the Covington Lane property for the benefit of the bankruptcy estate (and redeem the property from the foreclosure sale as part of selling it to a third party).

Despite all of this, on May 31, 2017, the Debtors filed a joint voluntary petition for relief under Chapter 13, commencing this Chapter 13 bankruptcy case. It is obvious from the Chapter 13 plan filed by the Debtors in this case that the Debtors filed this case to try to obtain an automatic stay against the foreclosure sale of the Covington Lane property, and then to prevent that foreclosure sale from ever occurring by confirming a plan that cures the mortgage arrearage and maintains monthly payments on the mortgage debt — effectively reinstating the mortgage. (*See* Docket # 2 in this case, pages 3-4, the treatment of Classes 4.1 and 4.2). Indeed, it appears that there can be no other purpose for the Debtors to have filed this Chapter 13 case, since they cannot obtain a discharge of any of their debts in this case.[3]

Thus, the Debtors' actions and purpose in filing and prosecuting this Chapter 13 case appear to be directly contrary to the plan and intention of the Chapter 7 Trustee to try to administer the Covington Lane property for the benefit of the creditors in the Chapter 7 case. And despite this conflict, the Debtors have not listed the Chapter 7 Trustee on the mailing matrix for this Chapter 13 case; nor does it appear that the Debtors otherwise have taken any steps to give the Chapter 7 Trustee notice of the filing of this Chapter 13 case.

The Debtors' actions in filing and prosecuting this Chapter 13 case are a violation of the automatic stay that remains in effect, as against the Debtors, as to the property of the Chapter 7 bankruptcy estate, including the Covington Lane property. *See* 11 U.S.C. § 362(a)(3) (stay "applicable to all entities," against "any act . . . to exercise control over property of the estate"); 11 U.S.C. § 362(c)(1). As such, the Debtors' actions in filing and prosecuting this Chapter 13 case must be deemed void. *See Easely v. Pettibone*, 990 F.2d 905, 911 (6th Cir. 1993). For this reason, this Chapter 13 bankruptcy case must be dismissed.

In addition, the majority rule, which this Court agrees with, is that a debtor may not have two bankruptcy cases pending at the same time. *See, e.g., In re Sidebottom*, 430 F.3d 893, 897-99 (7th Cir. 2005); *In re Lord*, 295 B.R. 16, 17-21 (Bankr., E.D.N.Y. 2003). For this additional

---

[3] The Debtors are not eligible for a discharge in this Chapter 13 case, in view of 11 U.S.C. § 1328(f)(1). This is so because the Debtors received a discharge in the pending Chapter 7 case, on September 9, 2015, and the voluntary petition in that case was filed within 4 years before the date of the order for relief in this case. Debtor's pending Chapter 7 case was filed on May 29, 2015. The voluntary petition in the present Chapter 13 case was filed within 4 years of that date, on May 31, 2017. (The date of the order for relief in the present case also was May 31, 2017. *See* 11 U.S.C. § 301(b).)

2

reason, this Chapter 13 case must be dismissed.

Accordingly,

IT IS ORDERED that this bankruptcy case is dismissed.

IT IS FURTHER ORDERED that this Order is without prejudice to the Debtors' right(s) to do any of the following: (1) file a motion in the pending Chapter 7 case seeking relief from stay to permit the refiling of this Chapter 13 case; (2) file a motion in the pending Chapter 7 case seeking an order under 11 U.S.C. § 554(b) requiring the Trustee to abandon the Covington Lane property; (3) refile their Chapter 13 bankruptcy case after the pending Chapter 7 case is closed.[4]

**Signed on June 1, 2017**   /s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

[4] This Order also is without prejudice to any right the Debtors may have to file a motion in the pending Chapter 7 case seeking an order vacating the Debtors' Chapter 7 discharge and converting the Chapter 7 case to Chapter 13. But it appears that such action by the Debtors may be of no benefit to them. The Order in the Chapter 7 case granting relief from stay in favor of the mortgage creditor (Docket # 35 in Case No. 15-48346) says that the Order will be "binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code." So the stay relief order that permits the mortgage creditor to foreclose on the Covington Lane property would remain effective even if the Chapter 7 case were converted to Chapter 13.